IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA J. ORTIZ,

        Plaintiff,                No. 2:09-cv-02641-KJN

     v.                     <u>ORDER TO SHOW CAUSE</u>

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

        Plaintiff, who is represented by counsel, filed a complaint and motion to proceed in this action in forma pauperis on September 21, 2009. (Dkt. Nos. 1, 2.) This court granted plaintiff's motion to proceed in forma pauperis (Dkt. No. 3) and issued a scheduling order setting forth, among other things, a deadline by which defendant was required to file the administrative transcript and an answer or other response to plaintiff's complaint, and a deadline by which plaintiff was required to file a motion for summary judgment and/or remand. (Dkt. No. 4.) The scheduling order further provides: "The court will not contact counsel or the parties to remind them of these scheduling deadlines. Failure to adhere to the schedule outlined above may result in sanctions, including dismissal. L.R. 11–110. Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in dismissal for lack of prosecution. Fed. R. Civ. P.

1

41(b)." (Dkt. No. 4 at 4.)

On March 8, 2010, defendant lodged the administrative transcript with the court and filed an answer to plaintiff's complaint. (Dkt. Nos. 12, 13.)

On April 27, 2010, the court approved the parties' stipulation permitting plaintiff to file a motion for summary judgment on or before May 28, 2010. (Dkt. No. 17.) Despite this extension, plaintiff failed to file a timely motion for summary judgment.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff shall show cause in writing, on or before July 2, 2010, why this case should not be dismissed for lack of prosecution and why plaintiff's counsel should not be sanctioned by the court for failure to adhere to the court's Local Rules and the orders entered in this case. See Fed. R. Civ. P. 41(b); E. Dist. Local Rules 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.")

Failure by plaintiff and plaintiff's attorney to file the required writing within the time provided will result in dismissal of this action. It will not be sufficient for plaintiff to merely file a late motion for summary judgment; the required writing must be filed. Moreover, reliance on plaintiff's counsel's "extremely impacted briefing schedule" does not necessarily constitute sufficient cause to discharge this order and avoid sanctions.[1]

---

[1] Plaintiff's counsel frequently appears before this court on claims similar to the one pursued on plaintiff's behalf here. Plaintiff's counsel has demonstrated repeated difficulty filing timely motions for summary judgment on behalf of her clients, and frequently attempts to excuse her

2. Plaintiff's counsel shall serve this order on her client, Ms. Ortiz, within fourteen days of the date of this order, and shall file written notice with the court within fourteen days of that service that she has actually served this order on Ms. Ortiz.

IT IS SO ORDERED.

DATED: June 14, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

conduct by relying on her impacted briefing schedule or heavy case load. The undersigned has previously expressed concern that plaintiff's counsel is using orders to show cause like the present one as a form of calendaring system, and encouraged her to cease such a practice to extent that this is the case. (See Quintana v. Comm'r of Soc. Sec., No. 2:09-cv-01056 KJN, Dkt. Nos. 22, 25.)

3