1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAMELA J. ORTIZ,

11              Plaintiff,                    No. 2:09-cv-02641-KJN

12        v.

13   MICHAEL J. ASTRUE,
     COMMISSIONER OF SOCIAL
14   SECURITY,

15              Defendant.                    ORDER TO APPEAR
     _____/
16

17              Plaintiff is represented by attorney Bess M. Brewer of the law firm Bess M.

18   Brewer & Associates.  Plaintiff filed a complaint and motion to proceed in this action in forma

19   pauperis on September 21, 2009.  (Dkt. Nos. 1, 2.)  This court granted plaintiff's motion to

20   proceed in forma pauperis (Dkt. No. 3) and issued a scheduling order setting forth, among other

21   things, a deadline by which defendant was required to file the administrative transcript and an

22   answer or other response to plaintiff's complaint, and a deadline by which plaintiff was required

23   to file a motion for summary judgment and/or remand.  (Dkt. No. 4.)  The scheduling order

24   further provides: "The court will not contact counsel or the parties to remind them of these

25   scheduling deadlines.  Failure to adhere to the schedule outlined above may result in sanctions,

26   including dismissal.  L.R. 11–110.  Plaintiff has an affirmative duty to prosecute this action, and

                                             1

1    failure to do so may result in dismissal for lack of prosecution.  Fed. R. Civ. P. 41(b)."  (Dkt. No.

2    4 at 4.)

3             On March 8, 2010, defendant lodged the administrative transcript with the court

4    and filed an answer to plaintiff's complaint.  (Dkt. Nos. 12, 13.)

5             On April 27, 2010, the court approved the parties' stipulation permitting plaintiff

6    to file a motion for summary judgment on or before May 28, 2010.  (Dkt. No. 17.)  Despite this

7    extension, plaintiff failed to file a timely motion for summary judgment.

8             On June 15, 2010, the court entered an order ("OSC") requiring plaintiff to "show

9    cause in writing, on or before July 2, 2010, why this case should not be dismissed for lack of

10   prosecution and why plaintiff's counsel should not be sanctioned by the court for failure to

11   adhere to the court's Local Rules and the orders entered in this case."  (Dkt. No. 18 at 2.)  The

12   OSC specifically stated that "[f]ailure by plaintiff and plaintiff's attorney to file the required

13   writing within the time provided will result in dismissal of this action," and that "[i]t will not be

14   sufficient for plaintiff to merely file a late motion for summary judgment; the required writing

15   must be filed."  (Id.) (emphasis added).  The OSC also stated: "Plaintiff's counsel shall serve this

16   order on her client, Ms. Ortiz, within fourteen days of the date of this order, and shall file written

17   notice with the court within fourteen days of that service that she has actually served this order

18   on Ms. Ortiz."  (Id. at 3.)

19            Plaintiff's counsel filed a motion for summary judgment on plaintiff's behalf on

20   July 2, 2010.  (Dkt. No. 19.)  Despite the court's express warning that it would "not be sufficient

21   for plaintiff to merely file a late motion for summary judgment" and that "the required writing

22   must be filed," plaintiff's counsel failed to file the required writing.  This is yet another violation

23   of this court's order and is grounds for sanctions, including monetary sanctions and dismissal

24   pursuant to Federal Rule of Civil Procedure 41(b).  See Local Rule 110 ("Failure of counsel or of

25   a party to comply with these Rules or with any order of the Court may be grounds for imposition

26   by the Court of any and all sanctions authorized by statute or Rule or within the inherent power

of the Court."); <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir.

2005) (recognizing that a court may dismiss an action pursuant to Federal Rule of Civil

Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil

procedure or the court's orders).  Moreover, plaintiff's counsel, Bess M. Brewer, failed to timely

notify the court that she served a copy of the OSC on her client, which constitutes another

violation of a court order.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's counsel, Bess M. Brewer, shall appear <u>in person</u> on Thursday,

August 5, 2010, at 10:00 a.m., in Courtroom 25 regarding the OSC and this order.  Ms. Brewer

should be prepared to address the issue of sanctions for violation of this court's orders, which

include: (1) the imposition of monetary sanctions on Ms. Brewer personally, and (2) dismissal of

plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b).

    2.  Ms. Brewer shall serve this order on her client, Ms. Ortiz, within seven

days of the date of this order, and shall file written notice with the court within seven days of

such service that she has actually served *this order and the OSC* on Ms. Ortiz.

    IT IS SO ORDERED.

DATED:  July 14, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3