1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAMELA J. ORTIZ,

11          Plaintiff,                              No. 2:09-cv-02641-KJN

12      v.

13   MICHAEL J. ASTRUE,
     COMMISSIONER OF SOCIAL
14   SECURITY,

15          Defendant.                             <u>ORDER</u>
     _____/

16

17          On August 5, 2010, the undersigned conducted a hearing regarding the previously

18   issued Order to Appear (Dkt. No. 20), which relates to the representation of plaintiff in this

19   matter by attorney Bess M. Brewer, of the law firm Bess M. Brewer & Associates.  Ms. Brewer

20   appeared as required by the Order to Appear.  Assistant United States Attorney Bobbie J.

21   Montoya appeared on behalf of defendant.

22          The principal issue before the court is whether Ms. Brewer and/or plaintiff should

23   be sanctioned in this matter for Ms. Brewer's repeated failures to comply with the court's orders,

24   which include the court's scheduling order, a previously entered order approving a stipulation to

25   grant plaintiff an extension of time to file a motion for summary judgment, and the order

26   requiring plaintiff to show cause (the "OSC") that gave rise to the Order to Appear and the

                                                1

present hearing.  For the reasons that follow, the undersigned will not impose sanctions, although

the imposition of monetary sanctions on Ms. Brewer personally would be appropriate under the

circumstances.[1]  However, as discussed below and at the hearing, Ms. Brewer should understand

that her future failures to comply with the court's orders in this case or other cases before the

undersigned[2] will not be treated with the same patience afforded in this case absent a showing of

extraordinary cause to do so.  And although the undersigned cannot speak for any of the other

judges of this court, it would behoove Ms. Brewer to heed the admonitions provided herein in

other cases that she is prosecuting before this court.

Some background is necessary to put Ms. Brewer's conduct in context.  Plaintiff

filed a complaint and motion to proceed in this action in forma pauperis on September 21, 2009.

(Dkt. Nos. 1, 2.)  This court granted plaintiff's motion to proceed in forma pauperis (Dkt. No. 3)

and issued a scheduling order setting forth, among other things, a deadline by which defendant

was required to file the administrative transcript and an answer or other response to plaintiff's

complaint, and a deadline by which plaintiff was required to file a motion for summary judgment

and/or remand.  (Dkt. No. 4.)  The scheduling order further provides: "The court will not contact

counsel or the parties to remind them of these scheduling deadlines.  Failure to adhere to the

schedule outlined above may result in sanctions, including dismissal.  L.R. 11–110.  Plaintiff has

an affirmative duty to prosecute this action, and failure to do so may result in dismissal for lack

of prosecution.  Fed. R. Civ. P. 41(b)."  (Dkt. No. 4 at 4.)

On March 8, 2010, defendant lodged the administrative transcript with the court

---

[1] At the hearing, Ms. Brewer agreed that monetary sanctions were an appropriate option that the court could exercise.

[2] Although this order relates to the above-captioned matter, Ms. Brewer has demonstrated persistent difficulty with filing timely motions for summary judgment on behalf of her clients and complying with the court's orders in many cases that she has filed on behalf of various plaintiffs. Aside from this matter, such cases before the undersigned include: Bolden v. Astrue, No. 2:09-cv-00787 KJN; Sanders v. Astrue, No. 2:09-cv-1021 KJN; Quintana v. Astrue, No. 2:09-cv-01056-KJN; Croft v. Astrue, No. 2:09-cv-01656 KJN; and Derreja v. Astrue, No. 2:09-cv-01964 KJN.

1  and filed an answer to plaintiff's complaint.  (Dkt. Nos. 12, 13.)

2       On April 27, 2010, the court approved the parties' stipulation permitting plaintiff

3  to file a motion for summary judgment on or before May 28, 2010.  (Dkt. No. 17.)  Despite this

4  extension, plaintiff failed to file a timely motion for summary judgment.

5       On June 15, 2010, the court entered an order ("OSC") requiring plaintiff to "show

6  cause in writing, on or before July 2, 2010, why this case should not be dismissed for lack of

7  prosecution and why plaintiff's counsel should not be sanctioned by the court for failure to

8  adhere to the court's Local Rules and the orders entered in this case."  (Dkt. No. 18 at 2.)  The

9  OSC specifically stated that "[f]ailure by plaintiff and plaintiff's attorney to file the required

10  writing within the time provided will result in dismissal of this action," and that "[i]t will not be

11  sufficient for plaintiff to merely file a late motion for summary judgment; the required writing

12  must be filed."  (Id.)  The OSC also stated: "Plaintiff's counsel shall serve this order on her

13  client, Ms. Ortiz, within fourteen days of the date of this order, and shall file written notice with

14  the court within fourteen days of that service that she has actually served this order on Ms.

15  Ortiz."  (Id. at 3.)

16       On July 2, 2010, Ms. Brewer filed a motion for summary judgment on plaintiff's

17  behalf.  (Dkt. No. 19.)  Despite the court's express warning that it would "not be sufficient for

18  plaintiff to merely file a late motion for summary judgment" and that "the required writing must

19  be filed," Ms. Brewer failed to file the required writing.  Ms. Brewer also failed to timely file a

20  notice with the court indicating that she had served her client with the OSC.

21       On July 15, 2010, the undersigned issued an Order to Appear, which ordered Ms.

22  Brewer to appear in person on August 5, 2010.  That order noted that Ms. Brewer's failure to file

23  a response to the OSC and the notice regarding service of the OSC on her client constituted

24  additional violations of the court's orders and were grounds for the imposition of sanctions,

25  including monetary sanctions and dismissal of plaintiff's case pursuant to Federal Rule of Civil

26

1  Procedure 41(b).[3]  The Order to Appear also required Ms. Brewer to serve the OSC and the Order

2  to Appear on her client.

3           On July 15, 2010, Ms. Brewer filed a notice with the court, which stated that she

4  had provided her client with the court's orders.  However, Ms. Brewer still has not filed the

5  writing required by the court's June 15, 2010 OSC.

6           At the hearing, the undersigned provided Ms. Brewer with an additional

7  opportunity to explain or justify her repeated and ongoing failures to comply with the court's

8  orders and meet the filing deadlines therein.  Ms. Brewer repeatedly apologized to the court for

9  her transgressions and explained that she could not adequately justify her conduct in this case and

10 in other cases.  She explained that she has had great difficulty managing her law practice over the

11 last year, which stem largely from personnel issues and taking on too many representations.  Ms.

12 Brewer assured the court that, contrary to appearances, she is taking steps to remedy these

13 problems and that things are "getting better."  The undersigned surely hopes this is the case, not

14 only to alleviate the court's frustration, but, more importantly, to ensure that Ms. Brewer's clients

15 receive adequate representation.  On this note, the undersigned encouraged Ms. Brewer to

16 immediately review all of the filing deadlines in all of her cases before this court in an effort to

17 meet applicable filing deadlines and, where meeting such deadlines might not be possible, seek

18 appropriate extensions of time.

19          The undersigned concludes that imposing a monetary sanction on Ms. Brewer

---

20

21          [3]  In addition to Rule 41(b), the undersigned has cited the following authority to Ms. Brewer
   in prior orders:  Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with

22 any order of the Court may be grounds for imposition by the Court of any and all sanctions
   authorized by statute or Rule or within the inherent power of the Court."); Hells Canyon Pres.

23 Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss
   an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to

24 prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46
   F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper

25 ground for dismissal.").  Indeed, "[d]istrict courts have inherent power to control their dockets," and
   "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . .

26 dismissal."  Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per
   curiam).

1  would not be appropriate at this time.  Ms. Brewer was contrite, and the undersigned believes

2  that Ms. Brewer's intentions and apologies are genuine.  In the undersigned's brief exposure to

3  her work product, Ms. Brewer has demonstrated that she is a strong advocate for clients, who

4  often have few other options in pursuing their Social Security Act benefits claims.  The problem

5  to this point has been one of case management on Ms. Brewer's part.  The undersigned hopes

6  that Ms. Brewer is able to, as she stated at the hearing, get to "even keel."  In light of Ms.

7  Brewer's contrition and assurances that she is attempting to right her ship, the undersigned

8  concludes that this order serves as an appropriate sanction and that the imposition of monetary

9  sanctions is not presently warranted.  However, the undersigned warned Ms. Brewer at the

10  hearing, and does so again in this order, that her future failures to comply with the court's orders

11  will result in the imposition of sanctions, monetary or otherwise, and those sanctions will be

12  significant in the first instance.[4]

13            Accordingly, IT IS HEREBY ORDERED that:

14            1.       The OSC entered June 15, 2010 is discharged.

15            2.       Plaintiff's motion for summary judgment is deemed timely filed.

16            3.       The Commissioner's responsive brief and/or cross-motion for summary

17  judgment remains due on or before September 1, 2010.

18            IT IS SO ORDERED.

19  DATED:  August 6, 2010

20

21                                                     _____

22                                                     KENDALL J. NEWMAN
                                                       UNITED STATES MAGISTRATE JUDGE

23

24

25  _____

26      [4] Of course, the court will always permit Ms. Brewer an opportunity to explain her conduct
    prior to the imposition of sanctions.  See Navellier v. Sletten, 262 F.3d 923, 943 (9th Cir. 2001).